UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALICIA CARTER,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. TAMECCA GREENE, Shield No. 17355, Individually and in her Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                Defendants.

-------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ JUN 1 6 2011 ★

BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

**CV 11 - 2899**

**MATSUMOTO, J.**

**POHORELSKY, M.J.**

Plaintiff ALICIA CARTER, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ALICIA CARTER is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. TAMECCA GREENE and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about October 5, 2010 at approximately 10:00 a.m., plaintiff ALICIA CARTER learned that her eleven (11) year old brother was in trouble at his school at 1001 East 45th Street in Kings County in the City and State of New York.

14. Plaintiff rushed to the school with her boyfriend and found her brother handcuffed in the principal's office with several defendant school safety officers standing around him.

15. Defendant officers began removing plaintiff's brother from the school and plaintiff implored them to put a jacket over the handcuffs to save him from embarrassment.

16. Immediately thereafter several additional defendant officers who were not affiliated with the school rushed toward plaintiff and immediately placed her and her boyfriend in handcuffs, punching plaintiff about the legs and thighs.

17. Thereafter defendants transported plaintiff to a nearby precinct where she was charged with Obstructing Governmental Administration, Resisting Arrest, and Disorderly Conduct.

18. At no time on October 5, 2010 did plaintiff obstruct governmental administration, resist arrest, behave in a criminally disorderly manner, or behave unlawfully in any way.

19. At no time on October 5, 2010 did defendants possess probable cause to arrest plaintiff.

20. At no time on October 5, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. As a result of her unlawful arrest plaintiff ALICIA CARTER spent approximately twenty-four (24) hours in police custody and approximately six (6) months making numerous court appearances.

22. In connection with her arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically, defendants falsely alleged that plaintiff attempted to punch them, block their exit from the building, and resist a lawful arrest.

25. Despite defendants actions the proceedings against plaintiff ALICIA CARTER were adjourned in contemplation of dismissal on April 26, 2011.

26.     As a result of the foregoing, plaintiff ALICIA CARTER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff ALICIA CARTER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" as if the same were more fully set forth at length herein.

37. Defendants created false evidence against plaintiff ALICIA CARTER, specifically defendants falsely alleged plaintiff blocked them from effectuating the arrests and leaving the building and that she attempted to punch them.

38. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

39. Defendants misled the prosecutors by creating false evidence against plaintiff ALICIA CARTER and thereafter providing false testimony throughout the criminal proceedings.

40. In creating false evidence against plaintiff ALICIA CARTER, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

49. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ALICIA CARTER's constitutional rights.

50. The acts complained of deprived plaintiff of her rights:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unlawful search;

D. Not to have summary punishment imposed upon her; and

E. To receive equal protection under the law.

51. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ALICIA CARTER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       May 6, 2011

BY: _____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com